UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson-Terrell | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 21)

## I.    Introduction

On September 10, 2021, Vassilios Alexiadis ("Plaintiff") filed this action in the Los Angeles Superior Court against his former employer, Cambridge Systematics, Inc. ("Defendant") and Does 1-20. Dkt. 1-1 (the "Complaint"). The Complaint advances the following causes of action arising out of Defendant's allegedly wrongful termination of Plaintiff's employment: (i) a declaration that Defendant's policy governing Plaintiff's termination is illegal, unconstitutional, and/or unenforceable; (ii) invasion of privacy; (iii) violation of Cal. Lab. Code §§ 98.6, 96(k); (iv) wrongful discharge in violation of public policy; (v) retaliation in violation of Cal. Lab. Code § 1102.5; (vi) sexual harassment in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940, *et seq.*; (vii) failure to prevent harassment in violation of FEHA; (viii) intentional infliction of emotional distress; (ix) a declaration that Plaintiff's gender and his protected activity constituted a substantial motivating factor in Defendant's decision to terminate his employment; (x) injunctive relief; (xi) failure to allow inspection of personnel file, in violation of Cal. Lab. Code §§ 226, 432, 1198.5(a); and (xii) unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200 ("UCL"), *et seq*. *See* Complaint ¶¶ 23-115.

On October 29, 2021, Defendant filed an Answer. Dkt. 1-3. On the same day, Defendant removed the action on the basis of diversity jurisdiction. Dkt. 1. On February 11, 2022, Defendant filed a motion for judgment on the pleadings. Dkt. 21 (the "Motion"). On April 29, 2022, Plaintiff filed an opposition. Dkt. 26. On May 16, 2022, Defendant filed a reply. Dkt. 27.

A hearing on the Motion was held on June 6, 2022, and it was taken under submission. For the reasons stated in this Order, the Motion is **GRANTED IN PART**. The Motion is **GRANTED** without prejudice as to the Sixth, Seventh, Ninth and Tenth Causes of Action. The Motion is **DENIED** as to the First, Second, Third, Fourth, Fifth, Eighth, Eleventh and Twelfth Causes of Action.

## II.   Factual Background

   A.   The Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

It is alleged that Plaintiff is a resident of California. Complaint ¶ 5. It is also alleged that, between July 1994 and June 2021, he was employed by Defendant. *Id.* It is alleged that, at the time of his termination he was the Executive Vice President and Manager of the Transportation Operations Business Line. *Id.*

It is alleged that Defendant is a Massachusetts corporation whose principal place of business is there, and that it is registered to do business in California. *Id.* ¶ 6. It is alleged that Defendant provides transportation planning and consultation services. *Id.*

  B.  Substantive Allegations

It is alleged that, in June 2021, Steve Capecci ("Capecci"), who was Defendant's Chief Operating Officer and Plaintiff's immediate supervisor, called Plaintiff and asked if he was in a romantic relationship with an employee of one of Defendant's clients. Complaint ¶ 14. It is alleged that, during this call, Capecci asked Plaintiff about the length of any relationship and whether Plaintiff was living with the person. *Id.* It is alleged that Capecci "insisted on getting a response from Plaintiff" stating that he was concerned that the relationship could present a conflict of interest. *Id.* ¶ 15. It is alleged that, because Capecci was so insistent that Plaintiff respond, he felt compelled to do so. *Id.* ¶ 16. It is also alleged that Plaintiff's initial response was a false statement, i.e., that he was not in such a relationship, and that he made this statement due to concerns about maintaining the privacy rights of himself and his partner. *Id.*

It is alleged that, three days later, Plaintiff "decided that it was wrong to lie to his supervisor," and that he contacted Capecci and told him the truth, i.e., that he was in a romantic relationship with the person identified previously. *Id.* ¶ 17. It is alleged that Plaintiff explained that his relationship did not present a conflict of interest and, to the extent there was concern about an appearance of one, Plaintiff would take reasonable steps to address and resolve those concerns. *Id.* ¶ 18.

It is alleged that approximately ten days later, on June 28, 2021, Capecci called Plaintiff again, and told him that his employment was terminated. *Id.* ¶ 19. It is alleged that Capecci told Plaintiff that the termination was because Plaintiff had not disclosed to Defendant that he was in a romantic relationship with an employee of one of Defendant's clients. *Id.*

**III.**  **Defendant's Request for Judicial Notice**

  A.  Legal Standards

"When considering a motion for judgment on the pleadings, th[e] court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (internal quotation marks and citation omitted).

Fed. R. Evid. 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Consideration of such materials ensures that "allegations that contradict matters properly subject to judicial notice or by exhibit" are not simply "accept[ed] as true" in connection with a motion for judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

on the pleadings. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court may take judicial notice of a wide range of matters, including public records, government documents, judicial opinions, municipal ordinances, newspaper and magazine articles, and the contents of websites. *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2 (9th Cir. 2013) ("We grant Makaeff's requests to take notice of book collaborations between Donald Trump and Trump University, newspaper and magazine articles, and web pages."); *Tollis, Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice."); *U.S. v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994) (admission of a bank's certificate of insurance); *Heidelberg USA , Inc. v. PM Lithographers, Inc.*, No. CV-17-02223-AB-AJWx, 2017 WL 7201872, at *2 (C.D. Cal. Oct. 19, 2017); *U.S., ex rel. Modglin v. DJO Glob., Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).

When judicial notice is taken of a document, a court must distinguish between undisputed and disputed matters within it. *Lee v. City of L.A.*, 250 F.3d 668, 689–90 (9th Cir. 2001). For example, "when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id.* at 690 (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)).

  B. Application

In support of the Motion, Defendant filed a Request for Judicial Notice ("RFN"). Dkt. 21-3. The RFN seeks judicial notice of the following:

  <u>Exhibit A</u>: Defendant's Wikipedia and LinkedIn pages

  <u>Exhibit B</u>: Defendant's Ethics and Business Practices Code, revised October 2010

  <u>Exhibit C</u>: September 8, 2021 Letter from Defendant's Counsel to Plaintiff's Counsel, referencing attached copies of Plaintiff's personnel and payroll records

Plaintiff has opposed the RFN. Dkt. 26-1.

For the reasons stated below, the RFN is **DENIED IN PART** and **GRANTED IN PART**.

Exhibit A relates to information on non-party websites. Courts have taken judicial notice of information that is available on the Internet. However, they have done so when it can be determined that the information is reliable and accurate. *See* Fed. R. Evid. 201(b)(2). For example, "government agency websites . . . have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670-SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008). In contrast, courts have denied requests for judicial notice of information presented on Wikipedia, "a website that allows virtually anyone to upload an article into what is essentially a free, online encyclopedia." *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 976 n. 19 (C.D. Cal. 2010); *see also, e.g.*, *In re Yagman*, 473 F. App'x 800, 801 n.1 (9th Cir. 2012) (declining judicial notice of Wikipedia page based on Fed. R. Evid. 201(b)(2)); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (judicial notice of webpages including from Wikipedia declined because "it is not capable of accurate and ready determination").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

The LinkedIn webpage, which includes information about Defendant, presents similar issues of reliability. *See, e.g.*, *Collins v. Just Energy Mktg. Corp.*, No. SACV-19-00601-CJC-SSX, 2019 WL 2144449, at *2 n.2 (C.D. Cal. May 16, 2019) (declining to take judicial notice because the parties "have failed to explain how the LinkedIn page, which is based on self-reported information, is capable of accurate and ready determination"). Therefore, the RFN is **DENIED** as to Exhibit A.

Exhibit B is a copy of Defendant's Ethics and Business Practices Code. "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). Plaintiff does not dispute the authenticity of the document. However, Plaintiff argues that "there is a dispute as to whether that is the policy that governs," and that Plaintiff is entitled to conduct discovery on this issue. Dkt. 26-1 at 3.

The Complaint alleges that Defendants have a policy regarding conflicts of interest. However, it does not specifically identify the Ethics and Business Practices Code nor any other written policy. Instead, it alleges that Plaintiff was questioned about his romantic relationship because Defendant was "interested in the perception of conflict of interest." Complaint ¶ 15; *see also id.* ¶ 18. The Complaint also alleges that Defendant "did not have a policy that required Plaintiff to disclose his personal relationships" to Defendant. *Id.* ¶ 20. As part of the First Cause of Action for declaratory relief, the Complaint alleges that "Defendants contend that they have an enforceable policy based on which they can terminate an employee from having a consensual relationship with a non-employee during nonworking hours and off premises." *Id.* ¶ 24. The Complaint seeks a "judicial determination . . . at this time to determine the rights, duties and obligations of the parties with regard to enforcement of this policy." *Id.* ¶ 25.

The allegations in the Complaint reflect a dispute as to whether there was a policy that governed Plaintiff's conduct and its terms. Moreover, even if the written Ethics and Business Practices Code did apply to Plaintiff's conduct, "[i]t is possible, of course, that [Defendant's] actual practices conflict with its written policies." *Montelongo v. RadioShack*, No. 09-01235 MMM (JTLx), 2009 WL 10672160, at *3 (C.D. Cal. Apr. 6, 2009) (declining to judicially notice a defendant's written employment policies because the complaint did not mention or rely on any written policies).

There are factual issues presented as to whether the terms of Exhibit B apply, and if so, how they may have been applied under other circumstances. Accordingly, judicial notice could be denied. However, for these reasons, taking judicial notice will not affect the substantive analysis of the Motion. Taking notice will also allow a more focused presentation by the parties in connection with future proceedings once discovery has been conducted. Therefore, judicial notice is taken of Exhibit B, but for a limited purpose. Any determination as to the nature and scope of an ethics policy is reserved.

Exhibit C relates to a communication from Defendant's counsel to Plaintiff's counsel during this litigation. This is inappropriate for judicial notice because it cannot be accurately and readily verified or deemed to provide complete context. *See* Fed. R. Evid. 201(b)(2); *see also, e.g.*, *McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 n.1 (9th Cir. 2016) ("[E]mails between Plaintiff's attorney and defense counsel . . . do not meet the applicable standard for judicial notice."). Therefore, the RFN is **DENIED** as to Exhibit C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

**IV.     Analysis**

  A.     Legal Standards: Fed. R. Civ. P. 12(c)

Fed. R. Civ. P. 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) parallels one brought under Rule 12(b)(6). Thus, it challenges the legal sufficiency of the pleadings. *See Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999) (citing *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995)). The alleged facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005). "Rule 12(c) is 'functionally identical' to Rule 12(b)(6)[,] and . . . 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quoting *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, a complaint should be dismissed without leave to amend only if "the Court is satisfied that an amendment could not cure the deficiency." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012).

In deciding a motion under Rule 12(c), a court may "consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion . . . into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (quoting *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.*" Id.*

  B.     Application

    1.     Second Cause of Action: Invasion of Privacy

In support of the Motion, Defendant relies primarily on the claimed insufficiency of the allegations as to the Second Cause of Action for invasion of privacy. Dkt. 21 at 9-10. It then claims that the remaining causes of action are derivative of that one, and necessarily fail. *Id*. Consequently, this Cause of Action is addressed first.

Under California law, "a plaintiff alleging an invasion of privacy in violation of the state constitutional right to privacy must establish each of the following: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 39–40 (1994). Next, "[a]ssuming that a claimant has met the foregoing *Hill* criteria for invasion of a privacy interest, that interest must be measured against other competing or countervailing interests in a 'balancing test.' " *Pioneer Elecs. (USA), Inc. v. Superior Ct.*, 40 Cal. 4th 360, 371 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

      a)      Legally Protected Privacy Interest

Legally protected privacy interests "are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')." *Sheehan v. S.F. 49ers, Ltd.*, 45 Cal. 4th 992, 999 (2009) (internal citations omitted).

The Complaint alleges that Plaintiff had a "constitutional right to privacy against intrusion by [Defendant] into his personal and the private affairs of his partner." Complaint ¶ 29. Defendant argues that California case law does not support the contention that Plaintiff has the right to conceal from his employer an intimate relationship that may present a conflict of interest for the employer. Plaintiff argues that Plaintiff has a right to informational and autonomy privacy as to sexual matters, including any sexual relationships.

Plaintiff has a legally protected privacy interest in pursuing a sexual relationship. The allegations in the Complaint are sufficient to state such an interest. The Complaint alleges that Capecci asked Plaintiff if he "was having a romantic relationship" with the employee of a client, as well as "details of the relationship, such as how long the relationship had lasted and whether Plaintiff was living with his partner." *Id.* ¶ 14. These allegations are sufficient at this stage of the proceedings to state a claim that Capecci's questions included an inquiry about Plaintiff's sexual behavior. Thus, they can reasonably be construed as a claim that the inquiry about the relationship included one about living arrangements from which a sexual component could be inferred. *See, e.g.*, *Videckis v. Pepperdine Univ.*, 100 F. Supp. 3d 927, 930, 934 (C.D. Cal. 2015) (questions as to "how close Plaintiffs were, whether they took vacations together, where they slept, whether they pushed their beds together, whether they went on dates, and whether they would live together" related to "sexual activities").

There is no California case law supporting an individual's right to privacy regarding personal relationships separately from whether the relationship is one that involves sexual acts. As one California Court of Appeal has noted, "we have not found[] any California cases that have directly addressed whether a person has a privacy interest in pursuing an intimate relationship under the state constitutional right to privacy." *Barbee v. Household Auto. Fin. Corp.*, 113 Cal. App. 4th 525, 531 (2003) (declining to resolve the issue because the plaintiff could not establish the reasonable expectation of privacy element); *see also Videckis*, 100 F. Supp. 3d at 934 (contrasting right of privacy in "pursuing an intimate relationship" with the right to privacy in "sexual activities"). However, at least one district court has held that an employee "has a legally protected privacy interest in pursuing an intimate or sexual relationship." *See Howe v. Target Corp.*, No. 20-cv-252-MMA (DEB), 2020 WL 5630273, at *9 (S.D. Cal. Sept. 21, 2020) (relying on *Barbee* and *Lawrence v. Tex.*, 539 U.S. 558, 578 (2003)).

The Complaint sufficiently alleges that Defendant made inquiries that called for disclosure about Plaintiff's sexual behavior. Therefore, it adequately alleges a violation of his right to privacy.

      b)      Reasonable Expectation of Privacy

"Even when a legally cognizable privacy interest is present, other factors may affect a person's reasonable expectation of privacy." *Hill*, 7 Cal. 4th at 36. A reasonable expectation of privacy is "an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

objective entitlement founded on broadly based and widely accepted community norms." *Id.* at 37. For example, advance notice of a defendant's conduct "may serve to limit an intrusion upon personal dignity and security that would otherwise be regarded as serious." *Id.* at 36 (internal quotation marks and alterations omitted). "In addition, customs, practices, and physical settings surrounding particular activities may create or inhibit reasonable expectations of privacy." *Id.*

Defendant argues that Plaintiff did not have a reasonable expectation of privacy for two reasons. *First*, Plaintiff did not have such an expectation given the nature and terms of his employment. *Second,* even if Plaintiff had a reasonable expectation of privacy, he waived it when he voluntarily disclosed information concerning his relationship in his second phone call with Capecci.

(1)     Under the Circumstances

Defendant contends that because Plaintiff was a high-level executive, he knew or should have known that his relationship with an employee of a client could create a conflict of interest, or at least a perceived one. Therefore, Defendant contends that Plaintiff knew or should have known of his obligation to disclose it to his employer.

Defendant relies primarily on *Barbee*, which held that "a supervisor has no reasonable expectation of privacy in pursuing an intimate relationship with a subordinate." 113 Cal. App. 4th at 532. Noting that many courts have upheld employer restrictions on intimate relationships between employees, *Barbee* stated that employers have legitimate interests in "avoiding conflicts of interest between work-related and family-related obligations; reducing favoritism or even the appearance of favoritism; and preventing family conflicts from affecting the workplace." *Id.* (quoting *Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 615 (11th Cir.1995)).

Plaintiff argues that *Barbee* is limited to intimate relationships between supervisors and subordinates, and does not extend to Plaintiff's relationship with an employee of a client. However, the same reasoning regarding the "legitimate interests" of employers in "avoiding conflicts of interest" applies to these circumstances. *Id.* An intimate relationship between employees of two companies in a contractual relationship could present concerns related to "favoritism or even the appearance of favoritism" or conflicts of interest "between work-related and family-related obligations." *Id.* Thus, *Barbee* weighs against finding a "broadly based and widely accepted community norm[]" that a high-level executive would have a privacy right to engage in an intimate relationship with an employee of a client. *Hill*, 7 Cal. 4th at 37.

Plaintiff cites two cases that declined to apply *Barbee* to non-supervisor-subordinate relationships. Those cases are distinguishable because they involved relationships that did not raise conflict of interest concerns. *Videckis v. Pepperdine Univ.* did not apply *Barbee* because the relationship at issue was between school basketball teammates and "did not implicate an obvious potential conflict of interest." 100 F. Supp. 3d at 934. *Howe v. Target Corp.* involved an intimate relationship between co-workers who worked at different store locations in unrelated capacities. 2020 WL 5630273 at *10. As both decisions noted, those relationships were unlikely to raise conflicts of interest concerns akin to those that would arise from a supervisor-subordinate relationship.

The relationship between Plaintiff and his partner, an employee of a client with a contractual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

relationship with Plaintiff's employer, where their responsibilities and roles are potentially intertwined and where one person may potentially have authority or influence over the other, may present different issues based on the determination of such factual matters. However, in *Barbee*, the determination that an employee did not have a reasonable expectation of privacy was not solely based on an assessment of the merits of the potential conflicts of interest raised by the employer. *Barbee* also concluded that the employee had sufficient advance notice of his employer's specific policy that "diminished any expectation of privacy." 113 Cal. App. 4th at 533. The plaintiff's supervisor had told him that "intercompany dating was a bad idea," and the defendant employer had a policy requiring any supervisor who wanted to maintain an intimate relationship with a subordinate to disclose it to management. *See* 113 Cal. App. 4th at 533.

The allegations in the Complaint are different from the facts presented in *Barbee*. They do not include that Plaintiff had any advance notice that his personal relationship with the employee of a client required disclosure, or that a failure to disclose the relationship could result in termination. The Complaint alleges that Defendant "did not have a policy that required Plaintiff to disclose his personal relationships to [Defendant]." Complaint ¶ 20. The Complaint also alleges that Plaintiff's relationship "did not pose any actual conflicts of interest because neither Plaintiff nor his partner could make any unilateral decisions that would impact either [Defendant] or its client." *Id.* ¶ 21. As noted earlier, because factual issues are presented as to the ethics policy that is presented in Exhibit B, its scope and application cannot be determined in connection with the Motion. Moreover, Exhibit B does not include any express language about a relationship like that alleged in the Complaint. Instead, its examples refer to conflicts that may arise from familial relationships.

For the foregoing reasons, the Complaint sufficiently alleges that Plaintiff had a reasonable expectation of privacy in his intimate relationship with a client's employee.

(2) <u>Whether Plaintiff Consented to the Invasion</u>

"[I]n order to establish a reasonable expectation of privacy, the plaintiff must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant." *Sheehan*, 45 Cal. 4th at 1000 (internal quotation marks and citation omitted). In the alternative, Defendant argues that, even if Plaintiff had a reasonable expectation of privacy, he waived his right of privacy because Plaintiff voluntarily disclosed the information regarding his intimate relationship in the second call with Capecci.

The Complaint alleges that "[b]ased on the pressure by Mr. Capecci, Plaintiff felt compelled to respond to him" and that "he was compelled to tell him the truth." Complaint ¶¶ 16-17. Thus, at this stage of the proceedings, Plaintiff has sufficiently alleged that he did not voluntarily disclose his relationship.

c) Serious Invasion of Privacy

"Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal. 4th at 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

The allegations as to Capecci's questions regarding Plaintiff's relationship were limited and appear to have been ones tailored to ascertain whether the relationship posed a conflict of interest. However, the Complaint also alleges that Plaintiff's employment was terminated after 27 years because he had not disclosed that relationship to Defendant. At this stage of the proceedings, this allegation is sufficient to state a serious invasion of privacy.

        d)        Competing Interests

Because Plaintiff has sufficiently "met the foregoing *Hill* criteria for invasion of a privacy interest, that interest must be measured against other competing or countervailing interests in a 'balancing test.' " *Pioneer Elecs.*, 40 Cal. 4th at 371.

> Legitimate interests derive from the legally authorized and socially beneficial activities of government and private entities. Their relative importance is determined by their proximity to the central functions of a particular public or private enterprise. Conduct alleged to be an invasion of privacy is to be evaluated based on the extent to which it furthers legitimate and important competing interests.

*Cnty. of L.A. v. L.A. Cnty. Emp. Rels. Com.*, 56 Cal. 4th 905, 930–31 (2013) (quoting *Hill*, 7 Cal 4th at 38).

As discussed above, an employer's interest in avoiding actual or perceived conflicts of interest is a legitimate and important interest. Defendant also argues that its interest in avoiding conflicts of interest is central to its operations. Thus, it often contracts with government agencies, in which issues as to corruption or favoritism are of particular concern.

Because the Motion is premised on the claimed insufficiency of the allegations of the Complaint, and no discovery has been conducted, any further analysis of the competing interests cannot be undertaken. Instead, the Complaint is deemed sufficient on this issue because it cannot presently be determined whether the balancing of competing interests would foreclose the right to privacy claim, which is sufficiently alleged.

\*     \*     \*

For the foregoing reasons, the Complaint sufficiently alleges a claim for violation of the right to privacy. Therefore, the Motion is **DENIED** as to the Second Cause of Action.

        2.        <u>First and Third Cause of Action: Violation of Cal. Labor Code §§ 98.6 and 96(k), and Declaratory Relief</u>

The Third Cause of Action is based on Cal. Labor Code § 98.6. That statute prohibits an employer from discharging an employee "because the employee . . . engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96." Section 96(k) includes "lawful conduct occurring during nonworking hours away from the employer's premises."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

The Complaint sufficiently alleges that Plaintiff was terminated for engaging in lawful conduct that was outside of his employer's premises, *i.e.*, by engaging in a relationship with his partner. *See* Complaint ¶¶ 39-40. Thus, the Complaint alleges that "Capecci told Plaintiff that he was being terminated because he had not informed [Defendant] that he was in a romantic relationship with an employee of [Defendant's] client." *Id.* ¶ 19.

Defendant argues that this claim should be dismissed because the Complaint only alleges that Plaintiff was terminated for his failure to disclose the relationship, not because of the relationship itself. However, the issue of disclosure is inextricably linked to Plaintiff's relationship. The Complaint alleges that this was lawful conduct that occurred outside of Defendant's premises.

The First Cause of Action for declaratory relief is premised on the same allegations as the Third Cause of Action. It seeks a judicial determination that Defendant's policy, "based on which they can terminate an employee [for] having a consensual relationship with a non-employee during nonworking hours and off premises," is illegal, unconstitutional or otherwise unenforceable. *Id.* ¶ 24.

Therefore, because the Third Cause of Action is sufficiently alleged, the Motion is **DENIED** as to both the First and Third Causes of Action.

### 3. Fourth Cause of Action: Wrongful Discharge in Violation of Public Policy

To establish a claim for wrongful discharge in violation of public policy, the plaintiff must establish the following: (1) "the policy must be supported by either constitutional or statutory provisions"; (2) "the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual"; (3) "the policy must have been articulated at the time of the discharge"; and (4) "the policy must be 'fundamental' and 'substantial.' " *Stevenson v. Superior Ct.*, 16 Cal. 4th 880, 889-90 (1997).

Plaintiff's claim is premised on the alleged violation of his rights of privacy under the Constitution and Cal. Lab. Code § 98.6. *See* Complaint ¶¶ 45-50. As discussed above, Plaintiff has sufficiently alleged an invasion of his constitutional right to privacy in his sexual relationship.

For the foregoing reasons, the Motion is **DENIED** as to the Fourth Cause of Action.

### 4. Fifth Cause of Action: Retaliation in Violation of Cal. Labor Code § 1102.5

Cal. Lab. Code § 1102.5 prohibits an employer from "retaliat[ing] against an employee for or refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." *Id.* § 1102.5(c). To establish a prima facie case of retaliation, "a plaintiff must show that she engaged in protected activity, that she was thereafter subjected to adverse employment action by her employer, and there was a causal link between the two." *Soukup v. Law Offs. of Herbert Hafif*, 39 Cal. 4th 260, 287-88 (2006) (quoting *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)).

The Complaint alleges that Plaintiff "objected" to the questions posed by Capecci, and refused to respond to them because doing so would have violated his right to privacy. Complaint ¶ 54. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

Complaint also alleges that Plaintiff then felt compelled to disclose his personal relationship. *Id.* ¶ 55. The Complaint alleges on information and belief that his initial objection and refusal to answer truthfully were the motivating reasons for his termination. *Id.* ¶ 55.

These allegations are sufficient to establish a claim for a violation of Cal. Lab. Code § 1102.5. As discussed above, Plaintiff has sufficiently alleged the claim for invasion of privacy. Thus, his refusal to respond to Capecci's questions is sufficiently alleged as a protected activity, *i.e.*, a refusal to participate in an activity that would result in a violation of his rights. The Complaint also alleges that he was terminated at least in part because of his refusal to respond to the questions.

For these reasons, the Motion is **DENIED** as to the Fifth Cause of Action.

   5. <u>Sixth, Seventh, Ninth and Tenth Causes of Action: Sexual Harassment, Failure to Prevent Harassment in Violation of FEHA, and Declaratory and Injunctive Relief</u>

The Sixth Cause of Action is based on an alleged violation of Cal. Govt. Code § 12940(j)(1), which prohibits an employer from harassing an employee because of the employee's gender. Sexual harassment can constitute "a broad range of conduct, ranging from expressly or impliedly conditioning employment benefits on submission to or tolerance of unwelcome sexual advances, to the creation of a work environment that is hostile or abusive on the basis of sex." *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 461 (2005). "[T]he critical issue is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279-80 (2006) (applying precedent from Title VII to FEHA sexual harassment claims). "[I]t is the disparate treatment of an employee on the basis of sex—not the mere discussion of sex or use of vulgar language—that is the essence of a sexual harassment claim." *Id.* at 280.

The allegations in the Complaint are insufficient to establish a sexual harassment claim because the Complaint does not allege that Defendant's treatment of Plaintiff was because Plaintiff is a man, *i.e.*, that he would have been treated differently if he were not a man. The Complaint alleges that "Capecci sexually harassed Plaintiff by demanding that Plaintiff disclose to him private and personal information about Plaintiff's romantic and sexual life." Complaint ¶ 66. However, the Complaint does not make any allegations as to whether Capecci acted because of Plaintiff's gender.

Plaintiff argues that the Sixth Cause of Action is sufficiently alleged because a claim for sexual harassment does not require a showing that the harassment was "because of sex." Neither of the cases that Plaintiff cites supports this argument. They acknowledge that an employer who asks employees about their sexual behavior *can* be subject to claims for sexual harassment. *Roman Cath. Bishop v. Superior Ct.*, 42 Cal. App. 4th 1556, 1567 (1996) (an "employer who queries employees on sexual behavior is subject to claims for invasion of privacy and sexual harassment."); *Videckis*, 100 F. Supp. 3d at 934 (citing to *Roman Cath. Bishop*). As discussed above, "disparate treatment of an employee on the basis of sex . . . is the essence of a sexual harassment claim." *Lyle*, 38 Cal. 4th at 280.

Relying on *Rehmani v. Superior Ct.*, 204 Cal. App. 4th 945 (2012), Plaintiff also argues that the claim is sufficiently alleged because "Defendant's motivation in asking these questions . . . is not an appropriate inquiry at the pleading stage" and should be resolved by the jury, not the Court. Dkt. 26 at 21. That

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

argument is unpersuasive. *Rehmani* declined to resolve the question of the defendant's motivation for her conduct in connection with a motion for summary adjudication. 204 Cal. App. 4th at 955-56. That reasoning does not apply here. A motion for judgment on the pleadings requires an assessment of the sufficiency of the pleadings, not conclusions about the factual merits of any claim.

For the foregoing reasons, Plaintiff's Sixth Cause of Action is insufficiently pled.

Plaintiff's Seventh Cause of Action regarding Defendant's alleged failure to prevent harassment is premised upon the same allegations as the sexual harassment claim. Therefore, for the same reasons discussed above, the Seventh Cause of Action also fails as alleged.

Plaintiff's Ninth Cause of Action for declaratory relief seeks "a declaration that his sex and protected activity was a substantial motivating factor in the decision to take the actions against him." Complaint ¶ 95. Thus, this Cause of Action is premised upon the same allegations as the sexual harassment claim. Therefore, for the same reasons discussed above, the Ninth Cause of Action is also insufficiently pled.

Similarly, Plaintiff's Tenth Cause of Action seeks an injunction restraining Defendant from continuing or maintaining any policy or practice which is harassing "against any employee based on the employee's protected class status, such as gender or resisting sexual harassment." *Id.* ¶ 100. This Cause of Action is premised upon the same allegations as the sexual harassment claim. Therefore, for the same reasons discussed above, the Tenth Cause of Action also fails.

For the foregoing reasons, the Motion is **GRANTED** without prejudice as to the Sixth, Seventh, Ninth and Tenth Causes of Action.

### 6. Eighth Cause of Action: Intentional Infliction of Emotional Distress

> The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.

*Light v. Cal. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) (internal quotations omitted). Outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* "A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996); *see also Light*, 14 Cal. App. 5th at 102.

The claim for intentional infliction of emotional distress is premised upon the same allegations as the invasion of privacy claim. Thus, the Complaint sufficiently alleges that Defendant caused a serious invasion of Plaintiff's legally protected interest, in which he had a reasonable expectation of privacy. These same allegations are sufficient to allege that Defendant engaged in extreme and outrageous conduct, by invading Plaintiff's protected right of privacy with reckless disregard of the reasonable possibility that doing so would cause emotional distress due to the effect on the personal relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
|---|---|---|---|
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

The Complaint further alleges that, as a result of Defendant's conduct, Plaintiff "has suffered and continues to suffer bodily injury, emotional distress, humiliation, embarrassment, mental anguish and severe injury to his professional reputation." Complaint ¶ 86.

For these reasons, the Motion is **DENIED** as to the Eighth Cause of Action.

### 7. Eleventh Cause of Action: Violation of Cal. Lab. Code §§ 226, 432 and 1198.5(a)

Section 226 of the Labor Code requires that an employer provide current and former employees access and an opportunity to copy all payroll records within 21 days of a request to do so. Section 432 states that "[i]f an employee . . . signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request." Section 1198.5(a) provides every current and former employee with the "right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

The allegations in the Complaint as to this Cause of Action are sparse, but sufficient. The Complaint alleges that, on or about "August 9, 2021, Plaintiff, through his counsel, made a written request for inspection of his personal files." Complaint ¶ 107. The Complaint further alleges that Defendant "did not timely allow Plaintiff to inspect his personnel files and/or only permitted a partial inspection." *Id.* ¶ 108.

Viewing the allegations in the light most favorable to Plaintiff, *see Living Designs*, 431 F.3d at 360, they are sufficient to establish that Defendant failed to provide Plaintiff with timely access to his personnel files. Therefore, the Motion is **DENIED** as to the Eleventh Cause of Action.

### 8. Twelfth Cause of Action: Unfair Business Practices

The UCL prohibits "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. The "unlawful" prong of the statute prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180 (1999) (quotation marks and citations omitted). By barring "any unlawful" business practice, "the UCL permits injured consumers to 'borrow' violations of other laws and treat them as unfair competition that is independently actionable." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1072 (N.D. Cal. 2012).

This claim is derivative of the others advanced in the Complaint. Because certain of those claims are sufficiently alleged, including invasion of privacy and violations of the Labor Code, the Twelfth Cause of Action is sufficiently alleged.

Therefore, the Motion is **DENIED** as to the Twelfth Cause of Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-08564 JAK (PVCx) | Date | June 15, 2022 |
| Title | Vassilios Alexiadis v. Cambridge Systematics, Inc. et al. | | |

**V.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** without prejudice as to the Sixth, Seventh, Ninth and Tenth Causes of Action. The Motion is **DENIED** as to the First, Second, Third, Fourth, Fifth, Eighth, Eleventh and Twelfth Causes of Action.

Any amended complaint shall be filed within 21 days of the issuance of this Order.

**IT IS SO ORDERED.**

                                                                                                                             :

                                                          Initials of Preparer        tj